IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CHARLES SPRING<br>    1909 East Menlo Boulevard<br>    Shorewood, Wisconsin 53211,<br>and<br>HELEN F. FINDLEY<br>    6225 Mineral Point Road<br>    Apartment C61<br>    Madison, WI 53705,<br>                      Plaintiffs,<br>v.<br>CATHY STEPP, in her official capacity as<br>SECRETARY, WISCONSIN DEPARTMENT<br>OF NATURAL RESOURCES<br>    P.O. Box 7921<br>    Madison, WI 53707-7921,<br>and<br>PATRICK STEVENS, in his official capacity as<br>DIVISION ADMINISTRATOR, AIR AND<br>WASTE, WISCONSIN DEPARTMENT OF<br>NATURAL RESOURCES<br>    P.O. Box 7921<br>    Madison, WI 53707-7921,<br>and<br>MARK GOTTLIEB, in his official capacity as<br>SECRETARY, WISCONSIN DEPARTMENT<br>OF TRANSPORTATION<br>    P.O. Box 7999<br>    Madison, WI 53707-7999,<br>and<br>LYNNE B. JUDD, in her official capacity as<br>ADMINISTRATOR, DIVISION OF MOTOR<br>VEHICLES, WISCONSIN DEPARTMENT OF<br>TRANSPORTATION<br>    P.O. Box 7999<br>    Madison, WI 53707-7999,<br>                      Defendants. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, PURSUANT TO 42 U.S.C. § 7604.<br><br>(Environmental)<br><br>Civil Action No.: |

## COMPLAINT

Plaintiffs Charles Spring ("Spring") and Helen F. Findley ("Findley"), through their undersigned attorneys, for their Complaint against Defendants Cathy Stepp, in her official capacity as Secretary of the Wisconsin Department of Natural Resources ("Stepp"), Patrick Stevens, in his official capacity as Division Administrator, Air and Waste, Wisconsin Department of Natural Resources ("Stevens"), Mark Gottlieb, in his official capacity as Secretary of the Wisconsin Department of Transportation ("Gottlieb"), and Lynne B. Judd, in her official capacity as Administrator, Division of Motor Vehicles, Wisconsin Department of Transportation ("Judd"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for declaratory and injunctive relief, with costs and fees, under the citizen suit provision of the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. 7604, arising from the Defendants' violations of federal law.

2. Pursuant to the CAA, the Administrator of the United States Environmental Protection Agency ("EPA") has established national ambient air quality standards ("NAAQS"), pollution limits for substances including nitrogen oxides and ozone, to protect public health and welfare. *See,* 42 U.S.C. § 7409(a).

3. Under the CAA, states have the primary responsibility for assuring air quality, and are required to submit a State Implementation Plan (SIP) to provide for attainment of the NAAQS. 42 U.S.C. §§ 7407(a) and 7410(a).

4. The purpose of SIPs is to give the states some flexibility in managing their clean air programs, but the EPA retains oversight and ultimate approval authority over the SIPs, to ensure that NAAQS will be attained.

5. Thus, the EPA must approve a proposed SIP before it becomes effective. Once approved by the EPA, a SIP has the force and effect of federal law, permitting the EPA to enforce it in federal court. *See,* 42 U.S.C. §§ 7413(a), (b). The EPA-approved Wisconsin SIP is codified at 40 C.F.R. Part 52, Subpart YY.

6. Under the CAA, states are responsible for implementing and maintaining SIPs that have been approved by the EPA. *See*, 42 U.S.C. § 7407(a).

7. The Wisconsin SIP includes a motor vehicle emission inspection and maintenance program ("I/M program") that incorporates by reference Wis. Stat. § 285.30 (1997), which exempts "motor vehicle[s] of a model year of 1967 or earlier" from testing. See, 40 C.F.R. § 52.2570(c)(101)(i)(A); Wis. Stat. § 285.30(5)(a) (1997).

8. On October 26, 2007, the Wisconsin legislature amended the state statute to expand the model year exemption to "motor vehicle[s] of a model year of 1995 or earlier." *See*, 2007 Wis. Act 20 §3083; Wis. Stat. § 285.30(5)(a) (2007).

9. The terms of the I/M program incorporated by reference in the EPA-approved SIP constitute "emission standards or limitations" as defined in the CAA, because they are "requirement[s] relating to the operation or maintenance of a source," and "equipment … or operational standard[s] promulgated under the [CAA].". 42 U.S.C. § 7602(k).

10. The CAA provides that "if an emission standard or limitation is in effect under an applicable implementation plan" a state "may not adopt or enforce any emission standard or limitation which is less stringent than [the effective] standard or limitation…." 42 U.S.C. § 7416.

11. The DNR and DOT are thus obligated, as a matter of federal law, to reinstate, and continue to implement the I/M program as set forth in the EPA-approved strategy until the state

3

submits and receives approval from the EPA for the removal or change of that emission control strategy, as codified in the SIP.

12. To date, no SIP amendment has been prepared by the State of Wisconsin or approved by EPA to implement the change to Wis. Stat. § 285.30(5)(a), but the state has nonetheless proceeded to implement this change without obtaining EPA approval of a SIP amendment.

13. The purpose of the SIP process is to develop and maintain a coordinated program for control of air emissions. The DNR and DOT should not be permitted to unilaterally change the terms of the SIP without going through the approval process required by federal law. If the state can disregard the SIP approval process with respect to the I/M program, it could do the same with respect to other aspects of the approved SIP.

14. Accordingly, Plaintiffs seek an order requiring Stepp, Stevens, Gottlieb and Judd (collectively "Defendants"), the Wisconsin DNR and DOT officials with primary responsibility for establishing and implementing the state's I/M program, to comply with the terms of the approved SIP at 40 C.F.R. Part 52, Subpart YY, unless and until the SIP is changed or modified.

**PARTIES**

15. Plaintiff Charles Spring is a citizen of the United States whose permanent address is 1909 East Menlo Boulevard, Shorewood, Wisconsin 53211. Spring is a person with an interest that is or may be adversely affected, within the meaning of the relevant statutes, and satisfies the statutory and constitutional requisites for standing to maintain this action.

16. Plaintiff Helen F. Findley is a citizen of the United States whose permanent address is 6225 Mineral Point Road, Apartment C61, Madison, Wisconsin 53705. Findley is a

person with an interest that is or may be adversely affected, within the meaning of the relevant statutes, and satisfies the statutory and constitutional requisites for standing to maintain this action.

17. Both Plaintiffs reside in, travel through or otherwise use areas of the state affected by motor vehicle emissions and subject to the I/M program. Both residents are affected by air quality in the State of Wisconsin that is regulated through the SIP. The Defendants' failure to comply with the SIP adversely affects the Plaintiffs' health, and adversely affects the aesthetic and recreational values of those areas for the Plaintiffs.

18. Defendant Cathy Stepp is the Secretary for the Wisconsin Department of Natural Resources ("DNR"), the agency to which the authority and duty to implement an air quality program consistent with the obligations of federal law has been delegated by state law. *See, e.g.,* Wis. Stat §§ 285.11 and 285.30. In her capacity as Secretary of the DNR, Stepp is obligated as a matter of law to administer and enforce the approved SIP.

19. Defendant Patrick Stevens is the Division Administrator, Air and Waste, for the DNR. The Division of Air and Waste is the DNR division charged with implementing the DNR's air quality program consistent with the obligations of state and federal law. In his capacity as Division Administrator, Stevens is obligated as a matter of law to administer and enforce the approved SIP.

20. Defendant Mark Gottlieb is the Secretary of the Wisconsin Department of Transportation ("DOT"), the agency to which the authority and duty to design and operate the I/M program consistent with the obligations of federal law has been delegated by state law. *See, e.g.,* Wis. Stat § 110.20. In his capacity as Secretary of the DOT, Gottlieb is obligated as a matter of law to design and operate the I/M program in compliance with the approved SIP.

21. Defendant Lynne B. Judd is the Administrator, Division of Motor Vehicles, for the DOT. The Division of Motor Vehicles is the DOT division charged with implementing the I/M program consistent with the obligations of state and federal law. In her capacity as Administrator, Judd is obligated as a matter of law to administer the I/M program in compliance with the approved SIP.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2201, and 42 U.S.C. § 7604(a), which provides in relevant part:

> ... [A]ny person may commence a civil action on his own behalf—
> (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution), who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under his chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation…The district court shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation.

23. Pursuant to 42 U.S.C. § 7604(b), no action may be commenced under 42 U.S.C. § 7604(a)(1) "prior to 60 days after the plaintiff has given notice of the violation (i) to the Administrator, (ii) to the State in which the violation occurs, and (iii) to any alleged violator of the standard, limitation, or order[.]" On July 21, 2010, on behalf of Spring and Findley, this "Notice of Intent to Sue" was served as required by 42 U.S.C. § 7604(b) and in accordance with EPA regulations. A copy of the Notice of Intent to Sue under the Clean Air Act is attached to this complaint as Plaintiff's Exhibit A.

24. In addition, the Notice of Intent to Sue was sent by certified mail, return receipt requested, to DNR, DOT and EPA officials on July 21, 2010. The notice was received on behalf of the DNR and DOT by Steven R. Bernards on July 22, 2010, and on behalf of the EPA on July 26, 2010. A copy of the return receipts documenting the dates of receipt and of service by mailing are attached as Plaintiff's Exhibit B.

25. Section 42 U.S.C. § 7604(b) further provides that no action may be commenced "if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation or order, but in any such action in a court of the United States any person may intervene as a matter of right." The plaintiffs are unaware of and do not believe that the EPA nor the State of Wisconsin have filed an action in civil court to compel compliance by the DNR and DOT with the mandatory requirements of the EPA-approved SIP.

26. Venue is appropriate in this District, since all of the Wisconsin counties in which vehicle emissions testing is required to be performed under the EPA-approved SIP are located in the Eastern District of Wisconsin.

## STATUTORY BACKGROUND

27. Paragraphs 1-26 are realleged and incorporated herein by reference.

28. Under the CAA, 42 U.S.C. 7410, states have the primary responsibility for assuring air quality, and are required to submit a SIP to provide for attainment of the NAAQS. 42 U.S.C. §§ 7407(a) and 7410(a).

29. The EPA reviews the proposed SIPs, and the EPA-approved SIPs become federally enforceable. *Clean Air Council v. Mallory*, 226F.Supp.2d 705, 718(E.D. Pa. 2002); *see also*, *General Motors Corp. v. United States*, 496 U.S. 530, 540 (1990) ("Both this Court and the

Courts of Appeals have recognized that the approved SIP is the applicable implementation plan during the time a SIP revision proposal is pending."). The Wisconsin SIP is codified at 40 C.F.R. Part 52, Subpart YY.

30. Wis. Stat. § 285.11(6) provides that the DNR shall "[p]repare and develop" SIPs, and "thereafter shall be responsible for the revision and implementation of the plans."

31. Wis. Stat. § 110.20 provides that the DOT shall establish an inspection and maintenance program with the purpose of determining compliance with emission standards. The statute further provides that the inspection and maintenance program created by the DOT shall be "designed and operated to comply with the requirements of the [CAA]." Wis. Stat. § 110.20(3)(d).

32. Wis. Stat. § 110.20(4) provides that the DOT "shall consult and cooperate with the [DNR] in order to efficiently and fairly establish and administer the program…".

**FACTS**

33. Paragraphs 1-32 are realleged and incorporated herein by reference.

34. Motor vehicles emit many pollutants into the air, including hydrocarbons and nitrogen oxides ("NOx").

35. Hydrocarbons and NOx, in the presence of heat and sunlight, undergo chemical reactions that transform them into ground-level ozone, a major component of "smog."

36. Ground-level ozone is a respiratory irritant that can be harmful to humans. Ozone can cause eye and throat irritations and damage breathing passages, making it difficult for the lungs to work, and can trigger or exacerbate respiratory illnesses such as asthma.

37. Smog also has adverse aesthetic impacts, limiting visibility and creating a "haze" over many urban areas.

38. Since 1984, Wisconsin has operated a motor vehicle emission inspection and maintenance program in the southeastern portion of the state, due to that region's historic non-attainment with NAAQS for ozone.

39. On November 15, 1992, the State of Wisconsin submitted a revision to its SIP for ozone, establishing an enhanced motor vehicle inspection and maintenance program (the "I/M program") in Southeast Wisconsin. 40 U.S.C. § 52.2570(C)(101).

40. Currently, the I/M program is implemented in the following counties: Kenosha, Milwaukee, Ozaukee, Racine, Sheboygan, Washington and Waukesha.

41. The SIP for the I/M program incorporates by reference Wis. Stat. § 285.30 (1997) which exempts motor vehicles "of a model year of 1967 or earlier" from testing. See, 40 U.S.C. § 52.2570(C)(101)(i)(A); Wis. Stat. § 285.30(5)(a) (1997).

42. On October 26, 2007, the Wisconsin legislature amended the statute to expand the model year exemption to "motor vehicle[s] of a model year of 1995 or earlier." *See*, 2007 Wis. Act 20 §3083; Wis. Stat. § 285.30(5)(a) (2007).

43. Since the enactment of 2007 Act 20, the Defendants have not required emission testing of motor vehicles manufactured prior to model year 1996.

44. The Defendants have, to plaintiffs' knowledge, initiated no effort to properly amend the SIP to reflect the change in the statutory exemption enacted in 2007.

45. Despite the Defendants' receipt of the notice of intent to sue mailed by the Plaintiffs on July 21, 2010, the DOT and the DNR continue to require vehicle emission testing only for motor vehicles of model years after 1996.

46. Moreover, on March 28, 2011, the DOT issued a Request for Proposal ("RFP #268291") for the "establishment and operation of the Wisconsin Motor Vehicle Inspection

9

Case 2:11-cv-00366-LA   Filed 04/15/11   Page 9 of 13   Document 1

Program," which fails to comply with the terms of the EPA-approved SIP. A copy of the RFP is attached as Exhibit C.

47. RFP #268291 requires vendors to submit bids by May 3, 2011, and estimates that DOT will award a contract on June 30, 2011, and that the contract effective date would be July 1. (RFP, at 12-13)

48. The bid specifications provide that "vehicles of model years 1995 and older" are exempt from testing (RFP, at 8), so the "Subject Vehicles" are "[m]odel year 1996 and newer vehicles…." (RFP, at 29)

49. RFP #268291 further specifies that a five-year contract will be awarded, which may be renewed for two additional three-year periods, which could contractually extend the non-compliant I/M program through June 30, 2022.

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
(Declaratory Judgment – Failure to Comply with Existing SIP)

50. Paragraphs 1-49 are realleged and incorporated herein by reference.

51. Under the CAA, when a state has included an emissions control strategy in a SIP, the state is obligated as a matter of federal law to continue in effect the approved strategy, and cannot change the emissions control strategy included in the EPA-approved SIP, even if the proposed change is mandated by a duly enacted state statute, until the state submits and receives approval from the EPA for the removal or change of that emission control strategy, as codified in the SIP. *Sweat v. Hull*, 200 F.Supp.2d 1162. 1169-71 (D. Ariz. 2001).

52. The modification of a SIP by a state agency without EPA approval is actionable as a violation of an "emission standard or limitation under this chapter" within the meaning of 42 U.S.C. § 7604(a)(1). *See*, 42 U.S.C. 7604(f)(3).

53. Any state law that purports to relieve a state agency or official of its duty to implement and maintain an emission control strategy included in an EPA-approved SIP is ineffective, because it would interfere with a state agency's or official's obligations under the CAA, in violation of the Supremacy Clause of the U.S. Constitution.

54. Wis. Stat. §285.30(5)(a), which purports to exempt motor vehicles of model year 1995 or earlier from the I/M program, is contrary to Wisconsin's EPA-approved SIP, and implementing that provision without an EPA-approved SIP amendment is a violation of the CAA.

55. The Plaintiffs seek a declaration that unless and until the Wisconsin SIP is amended, as required by state and federal law, the state must implement the approved SIP in accordance with its terms.

### SECOND CLAIM FOR RELIEF
(Injunctive Relief)

56. Paragraphs 1-55 are realleged and incorporated herein by reference.

57. The plaintiffs seek preliminary injunctive relief for this clear violation of the state and government agencies' mandatory obligations under federal law.

58. The plaintiffs seek permanent injunctive relief to compel the maintenance and implementation of the vehicle emissions testing program under the EPA-approved SIP.

59. Absent injunctive relief, the current, unlawful testing program will remain in effect in southeastern Wisconsin, causing irreparable harm to the plaintiffs, the environment and the public interest, with no other remedy at law.

60. Immediate judicial intervention is necessary to preserve the ability of this Court to grant meaningful relief to the plaintiffs in the face of this clear violation of Congressional policy and federal law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request this Court:

1. Declare that the Defendants have violated and continue to violate "an emission standard or limitation" under the CAA by failing to require and conduct emissions testing of motor vehicles of model years 1968 through 1995 as required under Wisconsin's EPA-approved SIP, codified as federal law at 40 C.F.R. Part 52, Subpart YY.

2. Declare that 2007 Wis. Act 20, § 3083, amending Wis. Stat. § 285.30(5), to the extent that it purports to relieve the DNR and DOT of their respective duties to require and implement emissions testing of motor vehicles of model years 1995 and earlier, is ineffective, absent an EPA-approved SIP amendment incorporating that change.

3. Grant preliminary and permanent injunctive relief mandating compliance by the Defendants with the CAA and the EPA-approved SIP, by reinstating emissions testing for all automobiles of model years later than 1967, according to the EPA-approved SIP and federal law, until such time as the SIP may be properly amended to change the testing requirements.

4. Grant preliminary and permanent injunctive relief preventing the defendants from awarding a testing contract or contracts under DOT RFP #268291, issued March 28, 2011, or

under any similar RFP that would bind the DOT contractually to administer a testing program that fails to comply with federal law.

5. Award Plaintiffs the costs of this action, with reasonable attorneys' fees, pursuant to 42 U.S.C. § 7604(d).

6. Retain jurisdiction over this action to ensure compliance with the Court's order.

7. Grant such other relief as is just and proper.

Dated: April 15, 2011

                                       Respectfully submitted,

                                       STAFFORD ROSENBAUM LLP

                    By:     _s/Paul G. Kent_____
                               Paul G. Kent
                               Wis. Bar No. 1002924
                               Daniel P. Gustafson
                               Wis. Bar No. 1024275
                               Attorneys for Plaintiffs

222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, WI 53701-1784
Email: pkent@staffordlaw.com
        dgustafson@staffordlaw.com
(608) 256-0226